## THE DE GAMA.

(District Court, S. D. Alabama. November 2, 1905.)

No. 1,092.

COLLISION—LIABILITY OF VESSEL IN TOW.

A vessel in tow is not liable for a collision with another vessel, whether caused by the fault of the tug or otherwise, unless some fault or negligence on her own part is shown, or unless the navigation of both herself and the tug was under the direction of her officers or pilot.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, § 72.]

In Admiralty. Suit for collision.

Pillans, Hanaw & Pillans, for libelant.
Gregory L. & H. T. Smith, for claimant.

TOULMIN, District Judge. It is well settled that vessels engaged in commerce are liable for damage occasioned by collision on account of the negligence, want of care, or skill on the part of those employed in their navigation. But consequences of this kind do not follow, where the person committing the fault does not, in fact or by implication of law, stand in relation of agent to the owners of the colliding vessel. By employing a tug to transport their vessel from one place to another, the owners of the tow do not necessarily constitute the master and crew of the tug their agents in performing the service. The Clarita, 23 Wall. 1, 23 L. Ed. 146. It is the duty of a tug with a tow to take all necessary precautions to avoid a collision with vessels at anchor or moored at a wharf in a proper place and manner, not only with the tug, but with the tow. The Isaac Tillyer (D. C.) 101 Fed. 478.

The relation between tug and tow, under the American decisions, under ordinary circumstances, is that of independent contractor, not that of principal and agent. In other words, the tug is not the servant or employé of the tow, and therefore the tow is not responsible for the acts of the tug. If the tow collide with some vessel during the voyage, it is not liable for the damage caused thereby, unless some negligence contributing to the collision is proved against the tow, or unless the officers of the tow were directing the navigation. Sturgis v. Boyer, 24 How. 110, 16 L. Ed. 591; The Clarita, supra. If the tow is towing at the end of a hawser, the liability would be upon the tug, if the tow steered properly. Dutton v. The Express, Fed. Cas. No. 4,209.

In the case of The Civilta and The Restless, 103 U. S. 699, 26 L. Ed. 599, a steam tug was towing a ship by a hawser. There was a pilot upon the ship, to whose orders the tug was subject. He, however, gave none. The ship struck a schooner and sunk her. The court held that the ship and tug, being in the contemplation of law but one vessel under steam, were bound to keep out of the way of the schooner, and were liable for the damages which she sustained, and said:

"Both vessels were under the general orders of the pilot on the ship, but it is expressly found as a fact that the tug actually received no orders from him. * * * Both vessels were responsible for the navigation, as has already been seen—the ship because her pilot was in general charge; and the tug because of the duty which rested on her to act upon her own responsibility

in the situation in which she was placed; * * * and the ship because her pilot, who was in charge both of the ship and the tug, neglected to give the necessary directions to the tug, when he saw or ought to have seen that no precautions were taken by the tug to avoid the approaching danger." 25 Am. & Eng. Encyc. of Law (2d Ed.) 936.

There is no negligence contributing to the collision proved against the tow. There is no evidence that the officers of the tow had charge of or were directing the navigation of the tug and tow, or that the tow had a special pilot aboard. The tow was being towed at the end of a hawser, and there is no evidence that the tow did not steer properly. There is no evidence that the tug was not properly equipped and manned. The evidence is not clear or entirely free from doubt that the vessel in tow was using her steam, except that, when it was apparent that she was in danger and a collision was imminent, she used her propeller "backwards," indicating, I think, that she was taking some precautions to avoid the consequences of the negligence, want of care, or skill on the part of the tug, if any, which it was her duty to do, if she could; but it was too late to arrest her headway.

It appears that the tug undertook to dock the vessel in tow in the slip just north of the barges collided with, and, failing to do so, made an effort to land her in the slip immediately south of the barges. From some cause, not clearly shown, the tug could not or did not properly handle or control the tow, and the collision occurred. Whether this resulted from the negligence, want of care, or skill on the part of the tug in giving the tow too much headway, or from the "fresh northeast wind" which, it is shown, was blowing at the time, or from a combination of both, I am unable to say from the evidence in the case.

In view of the rules of law referred to and of the evidence, my conclusion is that the libelant has failed to make a case against the De Gama. The libel must therefore be dismissed.